a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CHRISTOPHER ALFRED #A034-362-347,<br>Petitioner | CIVIL DOCKET NO. 1:25-CV-00425<br>SEC P |
| VERSUS | JUDGE EDWARDS |
| KRISTI NOEM,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Christopher Alfred ("Alfred"). ECF No. 1. Alfred is detained at the Central Louisiana ICE Processing Center in Jena, Louisiana. He challenges the legality of his continued detention.

Because Alfred does not establish that his detention is unlawful, his Petition (ECF No. 1) should be DENIED and DISMISSED WITHOUT PREJUDICE.

I.   Background

Alfred is a citizen of Trinidad and Tobago. *United States v. Alfred*, 18-CR-12, 2019 WL 2319523, at *1 (D.V.I. 2019). He was deported in 2014 after being convicted of money laundering and conspiracy to commit money laundering. *Id.*

Alfred returned to the United States in 2018 and was convicted of unlawful reentry. *Id.* He alleges that the prior removal order was reinstated in 2023. ICE attempted to remove Alfred in 2024, but he refused to depart. ECF No. 1-3 at 10.

Alfred seeks release pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001).

## II. Law and Analysis

When an alien is ordered removed, the Attorney General has 90 days within which to remove him. 8 U.S.C. § 1231(a)(1)(A). However, under *Zadvydas*, it is presumptively constitutional for to alien to be detained six months beyond the 90-day removal period. *Zadvydas*, 533 U.S. at 701. Thereafter, if the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must either rebut that showing or release the alien. *Id.* at 699.

Alfred makes an unsupported allegation that his removal is unlikely to occur in the reasonably foreseeable future. ECF No. 1-2 at 3. Alfred admits that ICE attempted to remove him in August 2024, and he refused to depart. ECF No. 1-2 at 1; 1-3 at 10. Alfred, not ICE, has prolonged his detention by thwarting his removal. *See Pelich v. INS*, 329 F.3d 1057, 1060 (9th Cir. 2003) ("[T]he detainee cannot convincingly argue that there is no significant likelihood of removal in the reasonably foreseeable future if the detainee controls the clock.") (cited with approval by *Hook v. Lynch*, 639 F. App'x 229, 230 (5th Cir. 2016) (denying § 2241 petition where the petitioner failed to cooperate with efforts to remove him)); *Gonzalez v. Gills*, 2022 WL 1056099, at *1 (5th Cir. 2022) (petitioner failed to show there was no significant likelihood of his removal in the reasonably foreseeable future when he impeded his removal).

Alfred essentially argues that he should be released and not deported because his son is in a coma. ECF No. 1-2 at 2. However, his removal order is final, and this Court has no jurisdiction to review the merits of that order. *See Moreira v. Mukasey*, 509 F.3d 709, 712 (5th Cir. 2007).

### III. Conclusion

Because Alfred does not show that his detention is unlawful, IT IS RECOMMENDED that the Petition (ECF No. 1) be DENIED and DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, April 28, 2025.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE